~~SECRET~~

Unsealed on 10/8/08 (LH)

FILED
2008 OCT -3 PM 2:15

BY_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2007 Grand Jury  '08 CR 3370 W

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JUAN RAMON<br>    BANUELOS-GONZALEZ (1),<br>    aka el Doc,<br>    aka Doctor,<br>WALTER JOVEN<br>    BANUELOS-GONZALEZ (2),<br>ELVIA SAMANO (3),<br>    aka Mom,<br>ARTURO MARTINEZ-CABRERA (4),<br>    aka Negro,<br>JOSE ALFREDO QUINTERO-LEON (5),<br>    aka Dientes,<br>    aka Dientitos,<br>    aka Alonzo Domingues,<br>JOSE ISRAEL ROCHIN-SOTO (6),<br>    aka Rocha,<br>    aka la Roncha,<br>HILDA NOMIDEL ESCOBAR (7),<br><br>        Defendants. | Criminal Case No. _____<br><br><u>I N D I C T M E N T</u><br><br>Title 21, U.S.C., Secs. 952, 960<br>and 963 - Conspiracy to Import<br>Controlled Substances; Title 21,<br>U.S.C., Secs. 846 and 841(a)(1) -<br>Conspiracy to Distribute Controlled<br>Substances; Title 21, U.S.C.,<br>Sec. 848(a) - Continuing Criminal<br>Enterprise; Title 18, U.S.C.,<br>Sec. 1956(h) - Conspiracy to<br>Launder Monetary Instruments;<br>Title 21, U.S.C., Sec. 853 and<br>Title 18, U.S.C., Sec. 982 -<br>Criminal Forfeiture |

The grand jury charges:

<u>Count 1</u>

1. At all times relevant to this indictment:

    a. Defendant JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor, was the head of a narcotics transportation cell (the Banuelos Cell) that operated from the Mexicali, Baja California, Mexico and

MFK:em:San Diego
10/1/08

Calexico, California areas. BANUELOS oversaw the importation, transportation, and distribution of narcotics into and throughout the United States from Mexico and remittance of drug proceeds back to Mexico.

  2.  At various times material to this indictment:

   a.  Defendant WALTER JOVEN BANUELOS-GONZALEZ, Juan Ramon Banuelos-Gonzalez' brother, assisted the Banuelos Cell by unloading narcotics from vehicles and placing narcotics proceeds into vehicles for remittance to Mexico. In addition, WALTER JOVEN BANUELOS-GONZALEZ received and distributed narcotics provided to him by his brother, Juan, and other unidentified drug traffickers.

   b.  Defendant ELVIA SAMANO, aka Mom, was BANUELOS' mother-in-law, who assisted the Banuelos Cell by transporting drug-laden vehicles and by acting as a lookout for drug and proceed-laden vehicles.

   c.  Defendant ARTURO MARTINEZ-CABRERA, aka Negro, was a member of the Banuelos Cell who was responsible for loading narcotics into and removing narcotics proceeds from BANUELOS' load-vehicles.

   d.  Defendant JOSE ISRAEL ROCHIN-SOTO, aka Rocha, aka la Roncha, was responsible for coordinating drivers of drug-laden vehicles for the Banuelos Cell.

   e.  Defendant JOSE ALFREDO QUINTERO LEON, aka Dientes, aka Dientitos, aka Alonzo Domingues, was a recipient of narcotics supplied by the Banuelos Cell. In addition, QUINTERO provided narcotics proceeds to the Banuelos Cell for remittance to unidentified individuals in Mexico.

   f.  Defendant HILDA NOMIDEL ESCOBAR was a narcotics load-car driver for the Banuelos Cell.

3. Beginning at a date unknown to the grand jury and continuing up to and including September 26, 2008, within the Southern District of California, and elsewhere, defendants JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor, WALTER JOVEN BANUELOS-GONZALEZ, ELVIA SAMANO, aka Mom, ARTURO MARTINEZ-CABRERA, aka Negro, JOSE ALFREDO QUINTERO-LEON, aka Dientes, aka Alonzo Domingues, JOSE ISRAEL ROCHIN-SOTO, aka Rocha, aka la Roncha, and HILDA NOMIDEL ESCOBAR, did knowingly and intentionally conspire and agree with each other, and with other persons known and unknown to the grand jury, to import 5 kilograms and more of cocaine, a Schedule II Controlled Substance, and 50 grams and more of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 952, 960(a)(1), 960(b)(1)(B)(ii), 960(b)(1)(H), and 963.

## METHOD AND MEANS

As part of and to facilitate the charged conspiracy, the conspirators, both named and unnamed, did utilize the following method and means, among others:

4. To accomplish his drug distribution activities, Defendant JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor, employed the assistance of others who were tasked with various roles, including, but not limited to, loading the drugs and money into load-vehicles, driving the drug load-vehicles from Mexico into the United States, and collecting drug proceeds and driving them south into Mexico;

5. In order to facilitate the transportation of narcotics and to avoid law enforcement scrutiny, BANUELOS had the narcotics loaded into hidden compartments within load-vehicles in Mexicali by co-conspirator MARTINEZ, and others;

//

6. The drivers of load vehicles, such as Hilda ESCOBAR, were recruited by JOSE ISRAEL ROCHIN-SOTO, aka Rocha, aka la Roncha, and others, who worked at BANUELOS' direction; and

7. Defendants, along with other co-conspirators, discussed narcotics-related activity in person and over communications equipment, using various codes to disguise their identities and the meaning of their conversation.

## Count 2

1. Paragraphs 1-2 and 4-7 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set out herein.

2. Beginning at a date unknown to the grand jury and continuing up to and including September 26, 2008, within the Southern District of California, and elsewhere, defendants JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor, WALTER JOVEN BANUELOS-GONZALEZ, ELVIA SAMANO, aka Mom, ARTURO MARTINEZ-CABRERA, aka Negro, JOSE ALFREDO QUINTERO-LEON, aka Dientes, aka Alonzo Domingues, JOSE ISRAEL ROCHIN-SOTO, aka Rocha, aka la Roncha, and HILDA NOMIDEL ESCOBAR, did knowingly and intentionally conspire and agree with each other, and with other persons known and unknown to the grand jury, to distribute 5 kilograms and more of cocaine, a Schedule II Controlled Substance, and 50 grams and more of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(viii), and 846.

## Count 3

1. Paragraphs 1-2 and 4-7 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set out herein.

2. Beginning on a date unknown to the grand jury and continuing up to and including October 3, 2008, within the Southern District of California, and elsewhere, defendant JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor, did knowingly and intentionally engage in a continuing criminal enterprise by violating various felony provisions of the Controlled Substances Act (Title 21, United States Code, Sections 801, et seq.), including, but not limited to, Title 21, United States Code, Sections 841(a)(1), 846, 952, 960, and 963, as alleged in Counts 1 and 2 of this Indictment (said Counts being incorporated herein by reference), which violations were a part of a continuing series of violations of said Act, were undertaken by defendant JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor, in concert with five or more other persons with respect to whom defendant JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor, occupied a position of organizer, supervisor, and other position of management, and from which continuing series of violations defendant JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor, obtained substantial income and resources; in violation of Title 21, United States Code, Section 848(a).

## Count 4

1. Paragraphs 1-2 and 4-7 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set out herein.

2. Beginning on a date unknown, and continuing up to and including September 26, 2008, within the Southern District of California, and elsewhere, defendant JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree to commit certain

offenses under Title 18, United States Code, Sections 1956, as follows:

    a. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States, to wit: Mexico, with the intent to promote the carrying on of specified unlawful activity, to wit: the manufacture, importation, sale, and distribution of a controlled substance, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

    b. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, methamphetamine trafficking, from a place in the United States to or through a place outside the United States, to wit: Mexico, knowing that the monetary instrument or funds represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

The allegations contained in counts 1 through 3 are realleged and by reference are fully incorporated herein to allege forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853, and Title 18, U.S.C., Section 982.

//

1.  As a result of the commission of the felony offenses alleged in Counts 1-3, each of which is punishable by imprisonment for more than one year, and pursuant to Title 21, United States Code, Section 853(a)(1), defendants JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor, WALTER JOVEN BANUELOS-GONZALEZ, ELVIA SAMANO, aka Mom, ARTURO MARTINEZ-CABRERA, aka Negro, JOSE ALFREDO QUINTERO-LEON, JOSE ISRAEL ROCHIN-SOTO, aka Rocha, aka la Roncha, and HILDA NOMIDEL ESCOBAR shall, upon conviction, forfeit to the United States all their rights, title, and interest in all property constituting, and derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the commission of the violations alleged in this indictment.

2.  As a result of the commission of the felony offenses alleged in Counts 1-3, said violations being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Section 853(a)(2), defendants JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor, WALTER JOVEN BANUELOS-GONZALEZ, ELVIA SAMANO, aka Mom, ARTURO MARTINEZ-CABRERA, aka Negro, JOSE ALFREDO QUINTERO-LEON, JOSE ISRAEL ROCHIN-SOTO, aka Rocha, aka la Roncha, and HILDA NOMIDEL ESCOBAR shall, upon conviction, forfeit to the United States all their rights, title and interest in any and all property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violation alleged in this indictment, to include:

    a.    a red 2004 Ford F-150 pickup, bearing California license plate number 8N85112, and Vehicle Identification Number 1FTPX02584KD77706, registered to Loreto Samano or Elvia Samano

//
//
//

7

3. As a result of the commission of the felony offense alleged in Count 4, said violation being punishable by imprisonment for more than one year and pursuant to Title 18, United States Code, Section 982(a)(1), defendant JUAN RAMON BANUELOS-GONZALEZ, aka el Doc, aka Doctor shall, upon conviction, forfeit to the United States all his rights, title and interest in any and all property involved in such offenses, and any property traceable to such property.

4. If any of the forfeitable property referred to above, as a result of any act or omission of the defendant(s),

    a. cannot be located upon the existence of due diligence;

    b. has been transferred or sold to or deposited with a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the above forfeited property.

DATED: October 3, 2008.

A TRUE BILL:

_____
Foreperson

KAREN P. HEWITT
United States Attorney

By: _____
MICHAEL F. KAPLAN
Assistant U.S. Attorney