# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                 Plaintiff,<br>  vs.<br><br>JUAN RAMON BANUELOS-GONZALEZ,<br><br>                                 Defendant. | CASE NO. 08CR3370-LAB<br><br>**ORDER GRANTING GOVERNMENT'S RULE 35(B) MOTION AND DENYING DEFENDANT'S SUGGESTION FOR FURTHER REDUCTION OF SENTENCE** |

On November 29, 2009, the Court sentenced Juan Ramon Banuelos-Gonzalez (Banuelos) to 210 months after he pled guilty to extensively participating in a conspiracy to import dangerous drugs into the United States. Now, seven years later, the Government has filed a Rule 35(b) motion asking the Court to reduce Banuelos' sentence. The Government represents that Banuelos assisted prosecutors by testifying in the criminal trial of one of his codefendants this past February. They also represent that he provided other useful information. Banuelos began meeting with prosecutors in 2009, but this is the first time that the government has requested time off his sentence for helping. The prosecutors recommend an 89-month reduction of Banuelos' sentence – to 121 months.

The Court invited Banuelos to file a reply to the government's Rule 35 motion. Banuelos responded through counsel by filing a memorandum asking for a steeper reduction of sentence – down to 108 months. Counsel argues that a greater sentence reduction is

warranted because Banuelos was willing to cooperate from the beginning. He also points out that Banuelos has participated in various post-sentence rehabilitation programs.

Rule 35(b) authorizes the government to recommend a reduction based on a defendant's post-sentencing cooperation. But the Ninth Circuit has emphasized that while a court must take into consideration the government's recommendation, it must ultimately rely on *its own evaluation* of the significance and usefulness of the defendant's cooperation in deciding whether and to what extent to grant a reduction. *United States v. Ressam*, 593 F.3d 1095, 1125 (9th Cir. 2010) *superseded by United States v. Ressam*, 679 F.3d 1069 (9th Cir. 2012) (en banc). In other words, the Court's role in the Rule 35 process is to decide whether to accept the Government's recommendation and, if so, the magnitude of departure as a function of the degree and nature of the cooperation. *United States v. Tadio*, 663 F.3d 1042, 1048 (9th Cir. 2011). If the Court finds that a defendant has provided substantial assistance, it can order a greater reduction of sentence than that requested by the government, as the Court may consider any relevant non-assistance factors under 18 U.S.C. § 3553(a) before deciding the extent of the sentence reduction. *Id*. at 1042-43, 1055.

Based on the prosecutor's declaration in support of the Rule 35(b) motion, the Court finds that Banuelos provided substantial assistance and is entitled to a sentence reduction. The main quibble here is the extent of the reduction. Banuelos maintains that the government's recommendation undervalues his cooperation – in particular, the extent of the information he provided and the time he spent preparing to testify against his codefendant. He also argues that an 89-month reduction of sentence doesn't adequately account for the additional risk to which he is now subjected as a cooperator.

While the Court has given respectful consideration to Banuelos' arguments, it will defer to the government's assessment of the value of Banuelos' cooperation, and will follow the prosecutors' recommendation of the sentence reduction due on this basis. There are practical reasons for this. Because prosecutors work closely with law enforcement agents who are on the front lines of the drug war, they are able to acquire a great amount of information, insight, and knowledge that helps them evaluate cooperation and assess its

value. In contrast, judges – who are not on the front lines – are much more likely to form impressions about the significance and usefulness of cooperation from the accounts they get from others rather than from first-hand experience. The Ninth Circuit has recognized that neither the defendant nor his counsel will ordinarily have comprehensive information (or particular competence) to assess the value of the information that a defendant provides. Neither the defendant nor defense counsel are in a position to really know how useful information is to law enforcement and prosecutors because both are even further removed from the evaluation process:

> More broadly, [the defendant] and his counsel [are] in no position to evaluate the effects of and benefits from his cooperation. Notably, they [cannot] know what the government already [knows] or would have been able to learn from other sources. That is why the Guidelines expressly require district courts to give substantial weight to the evaluation by the government. It is the government that is in the position to know the effects of defendants' provided information . . . .

*United States v. Ressam*, 679 F.3d at 1092-93.

For these reasons, it makes sense for the Court to rely primarily on the prosecutors' assessment of the extent and value of the defendant's cooperation and on their recommendation of what the cooperation is worth. The Court adopts the government's recommendation that an 89-month reduction of Banuelos' original sentence sufficiently rewards him for his post-sentence substantial assistance.

The remaining question is whether Mr. Banuelos' sentence should be further reduced based on his post-sentence rehabilitation efforts. The Court has received the many certificates of accomplishment that counsel attached to the reply. The certificates demonstrate that Mr. Banuelos has made productive use of his time in custody, and that he has developed or improved skills that will help him assimilate into society once he is released from custody. Mr. Banuelos' industry is to his credit – but also to his benefit. The Court has weighed this factor against the reasons for the original sentence and finds that no additional reduction of sentence is warranted on this basis.

/ / /

The government's motion to reduce the defendant's sentence from 210 months to 121 months is **GRANTED**. Mr. Banuelos' suggestion that the Court further reduce his sentence to 108 months is **REJECTED.**

DATED: October 13, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge